NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

GERALD C. MANN
ATTORNEY GENERAL

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



Hon. V. C. Marshall, Chairman
State Soil Conservation Board
Professional Bldg.
Temple, Texas

Opinion No. O-1537
Re: Authority of State Soil
Conservation Board to pay
traveling expenses of Ad-
ministrative Officer out
of appropriation for "light,
heat, water and contingent
expense."

Dear Sir:

We have your letter of December 6, 1939, request-
ing the opinion of this department in answer to the follow-
ing question:

"If the State Board determines that the
Administrative Officer should do a certain
amount of field work, would it be permissible
to pay such necessary expenses as is incurred
in the performance of such field work such ex-
penses allowed to be in conformity with allow-
ances made for other State employees in a sim-
ilar capacity, and such funds to be drawn from
a contingent fund of $3,000 which is provided
in the appropriation to be used by the Board
as such.

In the State Soil Conservation Act, H. B. No. 20,
46th Legislature, 1939, there is an item of appropriation
as follows:"

"For the Year Ending
August 31        August 31
   1940             1941

Administrative Expense

8. . . . . . . . . .      $
9. Light, heat, water
        and contingent    3,000.00      2,500.00
10. . . . . . . . ."

The appropriation contains six items for traveling expenses of various persons, but noen for the Administrative Officer. On the other hand, there is no restrictive proviso in the Act concerning the expenditure of funds for traveling expenses such, for example, as there is in the current General Appropriations Bill. In the absence of such a restriction, there is no objection to paying traveling expenses out of the "contingent fund," unless some provision in the Act shows that the Legislature intended that the Administrative Officer not travel or that he not be paid any traveling expenses. We have failed to find such legislative intent expressed in the Act.

The Board's authority for hiring an Administratrrative Officer is contained in Section 4, Subsection F, of the Act, as follows:

"The State Soil Conservation Board may employ an administrative officer and such other agents and employes, permanent and temporary, as it may require, and shall determine their qualifications, duties and compensation, according to the terms and amounts as specified in the general appropriation bills. . . . ."

Since the Act provides that the Board shall determine the duties of the Administrative Officer, it follows that the Board has authority to determine whether and to what extent he shall travel, and compensate him for his traveling expenses, to the extent that funds are available. This position is fortified by the provisions of Article 6823, Vernon's Annotated Statutes, which concerns the payment of "necessary" traveling expenses of state employees.

Therefore, it is the opinion of this Department and you are so advised that the answer to your question is in the affirmative.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

(Signed)  James Noel
James Noel
Assistant

JN:BBB

Approved: Dec. 18, 1939

(signed)  Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B. W. B.
Chairman